IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD JAMES HOVEY,<br><br>Defendant. | CR 21-50-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant EDWARD JAMES HOVEY (Hovey) has been accused of violating the conditions of his supervised release. (Doc. 54) Hovey admitted some of the violations. Hovey's supervised release should be revoked. Hovey should be sentenced to custody for 6 months, with 48 months of supervised release to follow. During the term of his supervised release, Hovey shall be placed in a residential reentry center for up to 180 days as directed by his probation officer.

## II. Status

On November 29, 2021, Hovey plead guilty to the offense of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(5)(A), 2252A(b)(2) as charged in Count 1 of the Superseding Information. (Doc. 22) Hovey was sentenced

to 38 months of custody, followed by 5 years of supervised release. (Doc. 39). Hovey's current term of supervised release began on April 3, 2025.

**Petition**

On April 16, 2025 the United States Probation Office filed a Petition requesting that the Court revoke Hovey's supervised release. (Doc. 54). The Petition alleged Hovey violated the conditions of his supervised release by: (1) failing to contact the probation office within seventy-two hours of his release from custody on April 3, 2025; (2) failing to show up for his scheduled intake on April 14, 2025, as instructed by his probation officer; and (3) failing to comply with his home confinement schedule on April 14, 2025.

**Initial Appearance**

Hovey appeared before the Court on May 12 , 2025.  Hovey was represented by counsel.  Hovey stated that he had read the Petition and that he understood the allegations against him.  Hovey waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Hovey appeared before the Court on May 12, 2025.  Hovey admitted that he had violated the conditions of supervised release as set forth in the Petition. The Court continued Hovey's sentencing until August 12, 2024.

**Amended Petition**

On June 4, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Hovey's supervised release. (Doc. 62). The Amended Petition alleged Hovey violated the conditions of his supervised release by the added violations of: (4) being in the company of a child under the age of 18 without the prior written approval of his probation officer on May 27, 2025; (5) accessing the internet without the prior permission of his probation officer on May 27, 2025; (6) failing to submit his weekly location monitoring scheduling to his probation officer on May 28, 2025, as instructed; (7) failing to comply with home confinement on June 3, 2025; and (8) possessing a pornographic DVD on June 3, 2025.

**Second Revocation Hearing**

Hovey appeared before the Court on June 24, 2025. The Court noted Hovey had previously admitted that he had violated the conditions of supervised release as set forth in the Petition. Hovey then admitted that he had violated the conditions of supervised release as set forth as allegations 4, 6, and 7 of the Amended Petition. Hovey provided and explanation concerning allegation 5 and denied allegation 8.

The Court then heard testimony from United State Probation Officer Jessica Simonson regarding allegations 5 and 8. Following the testimony, the Government moved to dismiss allegation 5 and the Court determined the Government had not

met its burden regarding allegation 8. Hovey's admitted violations, 1-3 and 4, 6, and 7, are serious and warrant revocation of Hovey's supervised release.

**Sentencing hearing**

Hovey appeared before the Court on June 24, 2025, 2025. Hovey's violations are Grade C.  His criminal history category is I.  Hovey's underlying offense is a Class C felony.  Hovey could be incarcerated for up to 24 months. Hovey could be ordered to remain on supervised release for up to 56 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Hovey's supervised release should be revoked.  Hovey should be sentenced to custody for 6 months, with 48 months of supervised release to follow. This sentence is sufficient but not greater than necessary. During the term of his supervised release, Hovey shall be placed in a residential reentry center for up to 180 days as directed by his probation officer.

### IV.    Conclusion

The Court informed Hovey that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Hovey of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Hovey that Judge Morris would

consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That EDWARD JAMES HOVEY has violated the conditions of his supervised release by: (1) failing to contact the probation office within seventy-two hours of his release from custody on April 3, 2025; (2) failing to show up for his scheduled intake on April 14, 2025, as instructed by his probation officer; (3) failing to comply with his home confinement schedule on April 14, 2025; (4) being in the company of a child under the age of 18 without the prior written approval of his probation officer on May 27, 2025; (6) failing to submit his weekly location monitoring scheduling to his probation officer as instructed on May 28, 2025; and (7) failing to comply with home confinement on June 3, 2025.

> The Court **RECOMMENDS**:

> That the District Court revoke Hovey's supervised release and sentence Hovey to custody for 6 months, with 48 months of supervised release to follow. During the term of his supervised release, Hovey shall be placed in a residential reentry center for up to 180 days as directed by his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of June 2025.

John Johnston
United States Magistrate Judge